James Thomas FRAME, Appellant,

v.

The STATE of Texas, Appellee.

No. 66779.

Court of Criminal Appeals of Texas, Panel No. 2.

May 20, 1981.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, James J. Heinemann, J. Michael Worley and Howard Borg, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal is taken from a conviction for the offense of burglary of a habitation. The record reflects that after a jury had been impaneled, and the State had presented its case in chief and rested, appellant chose to withdraw his plea of not guilty. He was admonished out of the presence of the jury, and then entered his plea of guilty in open court.[1] Subsequently the jury returned a verdict of guilty, and then assessed punishment at thirty five years imprisonment after appellant pleaded

1. The record also shows that the trial judge incorrectly bifurcated the trial. After the guilty plea was entered, the judge submitted a complete jury charge on guilt-innocence, then held the punishment phase of the trial with a second submission of a jury charge. We would point out that under the authority of *Basaldua v. State*, 481 S.W.2d 851 (Tex.Cr.App.1972) and Article 27.13, V.A.C.C.P., once a guilty plea has been entered a unitary procedure is to be used. This applies whether the guilty plea is entered before a trial judge or a jury. Although erroneous, bifurcating a guilty plea trial does not constitute reversible error under *Basaldua v. State*, supra. See also *Nunez v. State*, 565 S.W.2d 536, 539 (Tex.Cr.App.1978, Concurring Opinion).

"true" to the allegation of a prior conviction.

In his sole ground of error appellant contends that the trial court erred when the judge excused venireman Johnson because he had been previously convicted of theft. Therefore a recitation of the facts is not necessary to our disposition of this case.

After the voir dire examination had been completed, but before the exercise of any peremptory challenges by either the State or appellant, Mr. Johnson approached the judge and the following exchange occurred outside the presence of the remainder of the prospective jury panel:

"THE COURT: Mr. Johnson, you have called a matter to my attention, and I want to question you a little further about it.

You told me that you were thirteen or fourteen years of age when you were convicted?

JUROR JOHNSON: Yes—...

THE COURT: Were you actually in a Court?

JUROR JOHNSON: No, not really a Court involved. It was corporation Court in North Richland Hills.

THE COURT: And it was less than five dollars?

JUROR JOHNSON: Yes, sir.

THE COURT: And they found you guilty of theft of less than five dollars?

JUROR JOHNSON: Yes, sir.

THE COURT: How old are you now?

JUROR JOHNSON: Thirty-three.

THE COURT: That was back when you were thirteen?

JUROR JOHNSON: Yes, sir. I don't remember the exact age, but it was thirteen or fourteen years old.

THE COURT: Does either side have any questions they want to ask him?

[THE STATE]: Were you required to pay a fine?

JUROR JOHNSON: Yes.

THE COURT: Do you remember what it was?

JUROR JOHNSON: Fifty dollars—I believe it was fifty dollars.

\* \* \* \* \* \*

THE COURT: You went before the Judge?

JUROR JOHNSON: Yes, sir.

[DEFENSE]: Do you know what the Judge's name was?

JUROR JOHNSON: No, I don't remember his name at all.

\* \* \* \* \* \*

THE COURT: Do you have any objection to excusing him? Do you have any objection to my excusing him?

[DEFENSE]: Yes, Your Honor, we do. I think he is a qualified juror under the law.

[THE STATE]: I think under the law he is disqualified. He testified he was not sure how old he was when he was convicted of misdeamor [sic] theft in a Court in this State, and I don't see how the Court could allow him to sit.

[Discussion off the record.]

THE COURT: The Court is going to excuse Juror Frank Alton Johnson for the reason that the juror has told me that sometime in his past, probably as a juvenile, that he was convicted of theft under five dollars in a Municipal Court, and out of an abundance of caution, and because of Johnson vs. State, 1935 case, 84 S.W.2d 240 by the Court of Criminal Appeals, there might be some risk involved of me leaving this particular juror on the jury panel, and he might be disqualified under Article 35.12 of the Code of Criminal Procedure—35.12.

[DEFENSE]: Please not [sic] our exception to the Court's ruling. We feel like the juror, by his own testimony, was qualified under the laws of the State of Texas, and we object to the Court discharging him.

THE COURT: All right. You may tell the juror that he is excused."

Thus the trial court *sua sponte* excused this venireperson over the timely objection by appellant. It appears that the trial judge acted in reliance upon the holding in *Johnson v. State*, 129 Tex.Cr.R. 162, 84 S.W.2d 240, 241–242 (1935) wherein this Court wrote:

"We observe that final conviction for theft is expressly named in subdivision 3 of article 616, C.C.P., as ground for challenge for cause of a proffered juror, and that article 619, id., makes the fact of conviction for theft an absolute bar to the qualification of one who has been so convicted. In such case the incompetence of the juror cannot be waived, and the judgment and conviction would be void, and relief therefrom might be brought about by habeas corpus..."

Article 35.19, V.A.C.C.P. entitled "Absolute Disqualification" provides that:

"No juror shall be impaneled when it appears that he is subject to the second ... cause of challenge in Article 35.16, though both parties may consent."

Article 35.16, V.A.C.C.P. states:

"... A challenge for cause may be made by either the state or the defense for any of the following reasons:

\*　　\*　　\*　　\*　　\*　　\*

(2) That he has been convicted of theft or any felony."

■ Appellant has presented us with a question of first impression. Thus our inquiry must begin with a review of the applicable case law. In *Esquivel v. State*, 595 S.W.2d 516, 524 (Tex.Cr.App.1980) the Court reiterated the well settled rule that:

"A trial court should not on its own motion excuse a prospective juror for cause unless he is *absolutely disqualified* from serving on a jury."[2]

This rule is also stated in *Sanne v. State*, 609 S.W.2d 762, 770 (Tex.Cr.App.1980); *Bodde v. State*, 568 S.W.2d 344, 349 (Tex.Cr.App.1978); *Valore v. State*, 545 S.W.2d 477 (Tex.Cr.App.1977); *Moore v. State*, 542 S.W.2d 664 (Tex.Cr.App.1976); *Pearce v. State*, 513 S.W.2d 539 (Tex.Cr.App.1974) and *Henriksen v. State*, 500 S.W.2d 491 (Tex.Cr.App.1973).

■ Logically the next question is whether venireman Johnson was "absolutely disqualified" within the meaning of Arti-

cles 35.19 and 35.16, supra, as having "been convicted of theft." In *Hooper v. State*, 126 Tex.Cr.R. 118, 70 S.W.2d 431, at 431 (1934) the Court held that:

"The challenge is not confined to felony theft, but is broad enough to include and comprehend within its meaning any misdemeanor theft."

A conviction for misdemeanor theft is sufficient to constitute an absolute disqualification.

■ Venireman Johnson was "thirteen or fourteen" at the time of his conviction for misdemeanor theft. The present statute, Vernon's Ann.Civ.Stat., Family Code § 54.-02, provides that:

"(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

\*　　\*　　\*　　\*　　\*　　\*

(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition..."

However, since Mr. Johnson would have been convicted approximately twenty years ago, the law applicable at the time of the offense was contained in Article 2338–1, § 3, Vernon's Ann.Civ.Stat. as follows:

"The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

(a) who violates any penal law of this state of the grade of felony;

---

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail, ...."

Article 1422 of the Penal Code after 1927 contained the provisions for the punishment for the offense of misdemeanor theft:

"Theft of property under the value of fifty dollars and over the value of five dollars shall be punished by imprisonment in jail not exceeding 2 years, and by fine not exceeding five hundred dollars, or by such imprisonment without fine; theft of property of the value of five dollars or under shall be punished by a fine not exceeding two hundred dollars."

■ If these two provisions were the only statutes to be considered, our inquiry would end with the result that Mr. Johnson could not have been adjudged a "delinquent child," since his offense was not punishable by confinement in jail. However, twenty years ago the law as it pertained to juveniles was very different. Mr. Johnson would have come within the age limits delineated in the old Penal Code, Article 30 [34] as follows:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; *nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense.*"

The Juvenile Act, Article 2338-1, supra, was construed with this article. Therefore, a conviction was prohibited for any offense, other than perjury, when a child is between the ages of nine and thirteen unless the child is shown to have possessed sufficient discretion to understand the nature and illegality of the act, *Dearing v. State*, 151

Tex.Cr.R. 6, 204 S.W.2d 983, 986 (1947), and the conventional wisdom at the time was that age at the time of trial was the controlling factor. See, e. g., *Dillard v. State*, 439 S.W.2d 460, 462 (Tex.Civ.App.—Houston [14th], writ ref'd, n. r. e.), and cases cited therein. Mr. Johnson testified that he had been convicted of the offense of theft of property valued at five dollars or less when he was thirteen. Under Article 30, supra, he may be tried for the crime if he possessed sufficient discretion. The record before us does not address the question of his discretion. However, the Court has repeatedly held that where the record is silent, there is a presumption that the procedural rules were complied with. See *Green v. State*, 510 S.W.2d 919, 921 (Tex.Cr.App. 1974), and cases cited therein; *Nichols v. State*, 511 S.W.2d 945, 947 (Tex.Cr.App. 1974); *McCloud v. State*, 527 S.W.2d 885, 887 (Tex.Cr.App.1975); and *Lee v. State*, 167 Tex.Cr.R. 608, 322 S.W.2d 260 (1958). Thus we are constrained to hold that when, as here, the record is silent on the issue of Mr. Johnson's discretion we must presume that the trial court found that he possessed sufficient discretion at the time he committed the offense to be tried and convicted.

Accordingly, the trial court did not err when it *sua sponte* excused venireman Johnson because he had previously been convicted of a misdemeanor theft. See Article 35.19, supra. The judgment of the trial court is affirmed.[3]

---

3. We do not decide whether the same result would be reached today under the Family code, § 54.02, supra. Under that provision, the juve-

nile court may not waive its original exclusive jurisdiction until a child is 15 years or older.