Larry Edwin SCHAFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 66194.

Court of Criminal Appeals of Texas, En Banc.

May 11, 1983.

Jack W. Beech, Fort Worth, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for attempted aggravated sexual abuse of a child. Following a bench trial upon a plea of not guilty, the court found appellant guilty and assessed his punishment at five (5) years' confinement.

Appellant presents a single ground of error. He contends the trial court erred in overruling his plea of former jeopardy.

The case was initially called for trial on April 25, 1977. On that date a jury was impaneled and sworn. The indictment was not read and no plea was entered thereto. The court recessed the case until April 28, 1977. On that date the court declared a mistrial on its own motion. The docket sheet simply reflects motion was granted because of disqualification of one juror.

The case was reset for trial and appellant was subsequently convicted. No question of double jeopardy was raised. On appeal the case was first abated, *Schaffer v. State,*

583 S.W.2d 627 (Tex.Cr.App.1979), and then later was reversed. *Schaffer v. State,* 590 S.W.2d 490 (Tex.Cr.App.1979).

On March 10, 1980, the case was again before the trial court. Appellant this time presented his plea of double jeopardy. It was presented principally by stipulations. Appellant's counsel testified the judge, after hearing the juror's statement,[1] informed the parties he "felt" the juror was disqualified and declared a mistrial sua sponte. Counsel stated neither the State nor appellant objected, but the appellant did not consent to the mistrial nor was he advised by the court or counsel of his rights. The plea of double jeopardy was overruled. The appellant was then convicted and this appeal followed.

The State argues that under the rule existing in Texas on April 28, 1977, when the mistrial was declared, jeopardy had not attached. *McElwee v. State,* 589 S.W.2d 455 (Tex.Cr.App.1979). It argues that *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), should not be given retroactive effect.

It is true at the time of the mistrial the rule in Texas was that jeopardy does not attach until the jury is selected and sworn *and the defendant pleads to the indictment.* *Lockridge v. State,* 522 S.W.2d 526 (Tex.Cr. App.1975); *Vardas v. State,* 518 S.W.2d 826 (Tex.Cr.App.1975), cert. den. 423 U.S. 904, 96 S.Ct. 206, 46 L.Ed.2d 135; *Ochoa v. State,* 492 S.W.2d 576 (Tex.Cr.App.1973); *Steen v. State,* 92 Tex.Cr.R. 99, 242 S.W. 1047 (Tex.Cr.App.1922); *Yerger v. State,* 41 S.W. 621 (Tex.Cr.App.1897).

This was in contrast to the federal rule that jeopardy generally attaches when the jury is selected and sworn. *Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35

L.Ed.2d 425 (1973); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

■ In *Crist v. Bretz,* supra, the United States Supreme Court held that the federal procedure as to the time when jeopardy attaches in a criminal trial was preferable to the various procedures followed by the states, and therefore constitutionally mandated.[2]

In *McElwee v. State,* supra, we recognized our duty to follow *Crist v. Bretz,* supra, and conform our rule concerning the attachment of jeopardy to the federal timetable, now sanctified as a constitutional imperative.

In *McElwee* the State also argued that *Crist* should be given only prospective effect, citing *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). In *McElwee* it was held McElwee's conviction was not "final" in the context of *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), or under the facts of *Robinson v. Neil,* supra. Since *McElwee* was still on direct review at the time of *Crist, Crist* was therefore applicable and it was not necessary to determine whether *Crist* was to be given retroactive effect.

■ The instant case is still on direct review and *Crist* is applicable. Further, *Crist* has been held to have retroactive effect. See *Ex parte Myers,* 618 S.W.2d 365 (Tex.Cr.App.1981). Jeopardy attached when the jury was selected and sworn, and thus had attached when the court sua sponte granted the mistrial.

■ A termination of a criminal trial after jeopardy attaches can only be proper

---

1. Counsel testified: "On that morning a juror informed the court that he was disqualified because of some discussion he had had with another person about the case and possibly had formed an opinion about the case." Whether the juror had an ex parte conversation with the judge or whether the juror was in open court when he conversed with the judge does not appear from the record. Nor did counsel make clear when he learned the information about which he later testified.

2. The double jeopardy clause of the Fifth Amendment to the United States Constitution is applicable to the states by virtue of the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). See *Taylor v. State,* 474 S.W.2d 207 (Tex.Cr.App.1971).

when required by "manifest necessity" or the "ends of public justice." *Illinois v. Somerville,* supra; *United States v. Jorn,* supra; *Downum v. United States,* supra; *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Chvojka v. State,* 582 S.W.2d 828 (Tex.Cr.App.1979); *Torres v. State,* 614 S.W.2d 436 (Tex.Cr. App.1981).

In *Illinois v. Somerville,* supra, the court wrote:

"A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve 'the ends of public justice' to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court."

*Arizona v. Washington,* supra, noted that the review of any trial court decision is facilitated by findings and by an explanation of the reasons supporting the decision granting the mistrial.

In the instant case there were no findings and no explanation for the reasons for the mistrial decision, though the trial judge was the same at the time of the mistrial and the instant trial. At the hearing on the jeopardy motion, after the stipulations and defense counsel's testimony, the record reflects:

"THE COURT: Gentlemen, the Court believes—It's been some time ago—that the statement of the witness [3] who was disqualified was in the record. I must take the motion under advisement and determine whether or not such record was made and that, if so, for what reason the juror was disqualified. And the case will be continued."

The jeopardy motion was later overruled without any statement as to whether any record had been found or why the juror was disqualified. The record before us does not demonstrate any "manifest necessity" or show that ends of public justice would have been defeated if the mistrial had not been granted.[4] Further, the State has not briefed the case along this line.

Appellant did not request the mistrial or consent to the mistrial.

■ In light of the record, we conclude the court erred in overruling the plea of

---

**3.** The court obviously meant "juror" instead of "witness."

**4.** The only evidence reflecting any light on the subject is defense counsel's statement that a juror already sworn and empaneled had informed the court he was disqualified because of some discussion he had had with another person about the case and possibly had formed an opinion about the case. As noted in footnote No. 1, just how counsel learned this is not reflected by the record.

Article 35.16(a), V.A.C.C.P., provides that either the State or the defense may challenge for cause for

"(1) * * *

"(2) * * *

"(10) That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict . . . . "

There is nothing in the statement of defense counsel to show that the sworn jury would have been subject to a challenge for cause under Article 35.16(a)(10). There was no showing of any conclusion or opinion as to

guilt or innocence which would influence his verdict.

It is further well established that a trial court should not, sua sponte, excuse prospective jurors unless they are absolutely disqualified. *Valore v. State,* 545 S.W.2d 477, 481 (Tex.Cr. App.1977); *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980).

In the instant case the juror was already sworn and empaneled when excused by the court sua sponte. There was nothing to show that appellant was given the opportunity to inquire into the matter before or after the court ruled. There was no discussion as to whether Article 36.29, V.A.C.C.P., was applicable so the trial could have continued with 11 jurors. There was no explanation to appellant as to the effect of excusing one juror. After excusing the juror, the court, again sua sponte, declared a mistrial which the appellant did not consent to or request. The appellant was deprived of the tribunal selected for the trial. It cannot be argued that the action of the trial court was harmless error.

double jeopardy. The judgment is reversed and acquittal is ordered.

CAMPBELL, J., not participating.