Gary Michael PFEFFER, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–84–0235–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 29, 1984.

Discretionary Review Refused
March 13, 1985.

Charles L. Rittenberry, Amarillo, for appellant.

William Baumann, County Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Gary Michael Pfeffer brings this appeal from the trial court's order denying him habeas corpus relief from constructive confinement, which he sought, to prevent being placed twice in jeopardy. The relief was sought following the declaration of a mistrial over his objection during his trial for the offense of driving while intoxicated when an impaneled juror was held to be disqualified, and the setting of the cause for another trial while he is subject to the conditions of a bond.

With two grounds of error, appellant presents the contention that the State's attempt at a second prosecution for the same offense is a violation of his constitutional guarantee against double jeopardy because the trial court wrongfully perceived that a juror's Class C misdemeanor

theft conviction, brought to the court's attention after the trial commenced, operated as an absolute disqualification of the juror and mandated a mistrial. Disagreeing, we affirm the court's denial of habeas corpus relief.

Appellant was charged by information with the offense of driving while intoxicated. On 2 August 1984, a jury was impaneled and sworn, appellant pleaded not guilty, and the adduction of evidence began. Following the testimony of several witnesses called by the State, the county attorney notified the court that one of the impaneled jurors had been convicted of a Class C misdemeanor theft. The court questioned the juror, found that she had been so convicted in 1976 and was absolutely disqualified and, over appellant's objection, sua sponte declared a mistrial.

The disqualification voiced by the court is contained in two statutes, which provide, *inter alia,* that:

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

 \* \* \* \* \* \*

2. That he has been convicted of theft or any felony;

Tex.Code Crim.Proc.Ann. art. 35.16(a)(2) (Vernon Pamp. Supp.1966 to 1983), and that:

No juror shall be impaneled when it appears that he is subject to the second ... cause of challenge in Article 35.16, though both parties may consent.

Tex.Code Crim.Proc.Ann. art. 35.19 (Vernon Pamp. Supp.1966 to 1983). This article is entitled "Absolute Disqualification."

In this connection, appellant acknowledges that less than four years ago in *Frame v. State,* 615 S.W.2d 766 (Tex.Cr. App.1981), our Court of Criminal Appeals, adhering to articles 35.16 and 35.19 and the long-standing determination in *Hooper v. State,* 126 Tex.Crim. 118, 70 S.W.2d 431

(Tex.Cr.App.1934), that the challenge for cause because of a conviction for theft "include[s] and comprehend[s] ... any misdemeanor theft," held that a conviction for misdemeanor theft constitutes an absolute disqualification for jury service. *Frame v. State, supra,* at 769. Nevertheless, appellant argues that since the *Frame* holding was premised on a twenty-year-old misdemeanor theft conviction occurring before the 1974 Penal Code was enacted, the holding does not control where, as here, the misdemeanor theft conviction happens after the 1974 Penal Code became effective on 1 January 1974. This obtains, appellant submits, because a section contained in the 1974 Penal Code, which was not addressed in *Frame,* specifies that:

(c) Conviction of a Class C misdemeanor does not impose any legal disability or disadvantage.

Tex.Penal Code § 12.03(c) (Vernon 1974). An explanation of the section is written in this language:

Section 12.03(c) ensures that conviction of a Class C (justice court) misdemeanor does not deprive the defendant of his rights to vote, hold public office, serve on a jury, or other rights of citizenship.

Searcy and Patterson, *Practice Commentary,* 1 Tex.Penal Code Ann. 404 (Vernon 1974).

 At the outset, it is observed that jeopardy attached when the jury was impaneled and sworn to try the cause and, once jeopardy attached, appellant had the right to have his guilt or innocence determined by that jury unless, in the absence of his consent to the mistrial, a new trial was mandated by some form of manifest necessity, *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Cr.App.1981), such as the absolute disqualification of an impaneled juror. *Ex parte Bronson,* 158 Tex.Crim. 133, 254 S.W.2d 117, 121 (1952). Because he is subject to the conditions of a bond pending retrial, appellant is restrained in his liberty in the sense that the writ of habeas corpus may be utilized by him to raise his claim of exposure to double jeopardy by a retrial on the existing information, and he may ap-

peal from the denial of his claim before his retrial. *Ex parte Robinson*, 641 S.W.2d 552, 553–55 (Tex.Cr.App.1982).

The appeal, then, poses this novel question: Following the effective date of the Penal Code's section 12.03(c) pronouncement that a "[c]onviction of a Class C misdemeanor does not impose any legal disability or disadvantage," is a person, who has been convicted of a Class C misdemeanor theft, absolutely disqualified to serve as a juror by that conviction under the disqualifying language of articles 35.16 and 35.19 as interpreted fifty years ago in *Hooper v. State, supra*, and recently articulated in *Frame v. State, supra?*

At first light, the Penal Code's section 12.03(c) pronouncement, with its explanation, and the procedure code's articles 35.-16(a)(2) and 35.19, as interpreted, appear to conflict insofar as they apply to a person's qualifications to serve on a jury. Having application to the same general subject, the statutes, though enacted at different times without any reference in the section to the articles, are considered *in pari materia* and, consequently, will be construed together to give effect, if possible, to all of the provisions. *Ex parte Harrell*, 542 S.W.2d 169, 171–72 (Tex.Cr.App.1976).

Section 12.03(c) is a statute addressing in a broad and general manner the effect of a conviction of a Class C misdemeanor offense on the rights of citizenship, whereas articles 35.16(a)(2) and 35.19, as interpreted and applied, speak specifically to the effect of a conviction of any misdemeanor theft, including a Class C misdemeanor theft, on the qualifications of a person to serve as a juror. In construing the penal code statute, section 3.06 of the Code Construction Act becomes applicable. Tex.Penal Code Ann. § 1.05(b) (Vernon 1974). That section reads:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless

the general provision is the later enactment and the manifest intent is that the general provision prevail.

Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 3.06 (Vernon Supp.1984).

■ Construing the statutes together conformable to the rules of construction, the most reasonable construction of them is that a person's conviction of a Class C misdemeanor does not deprive him of his rights of citizenship, except for the right to serve as a juror when he has been convicted of a Class C misdemeanor theft, which absolutely disqualifies him from jury service. We so hold.

This construction harmonizes and gives effect to all of the statutes. If it could be reasonably argued for an irreconcilable conflict in the provisions when applied to jury service, the construction reconciles the conflict by giving the special statutes regarding qualifications of a person to serve on a jury prevalence over the general statute regarding a person's rights of citizenship. There is no legislative expression that the later enacted section 12.03(c) with its general provision is intended to prevail over the specific provisions of articles 35.16 and 35.19; indeed, it may be said that the Legislature manifested the intent that the long-standing absolute disqualification remain in force, for at the same session the Legislature, presumed to act with full knowledge of court decisions on the subject, *Townsend v. State*, 427 S.W.2d 55, 62 (Tex.Cr.App.1968), did not change the absolute disqualification existing under articles 35.16 and 35.19 when amending many other articles of the Code of Criminal Procedure. Had the Legislature intended a change in the law, it would have been a simple matter to state it when either enacting section 12.03(c) or amending the Code of Criminal Procedure.

■ It follows that the trial court, upon discovering that the impaneled juror was absolutely disqualified, had no viable alternative other than to declare a mistrial, even though appellant objected. *Ex parte Bronson, supra*, 254 S.W.2d at 121; *Johnson v. State*, 129 Tex.Crim. 162, 84 S.W.2d

240, 242 (1935). In these circumstances, appellant is not exposed to double jeopardy by a second prosecution on the pending information. *Illinois v. Somerville*, 410 U.S. 458, 471, 93 S.Ct. 1066, 1073, 35 L.Ed.2d 425 (1973). Appellant's grounds of error are overruled.

The judgment is affirmed.