**Ex parte Gary Michael PFEFFER.**

**No. 104–85.**

Court of Criminal Appeals of Texas, En Banc.

April 10, 1985.

Charles L. Rittenberry, Amarillo, for appellant.

Bill Baumann, County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

TEAGUE, Judge, dissenting.

I respectfully dissent to this Court denying appellant's motion for rehearing because I believe that the issue that is presented in this cause greatly concerns many citizens of this State, as to whether they might serve as jurors where it is shown that they have previously been convicted of the Class C misdemeanor offense of theft.

I also dissent because I believe it was the intention of the Legislature, when it enacted V.T.C.A., Penal Code, Section 12.03(c), to no longer automatically disqualify from jury service a person who has in the past been convicted of the Class C misdemeanor offense of theft.

The Amarillo Court of Appeals, in a published opinion, see *Pfeffer v. State,* 683 S.W.2d 64 (Tex.App.—Amarillo 1984), relying upon this Court's decision of *Frame v. State,* 615 S.W.2d 766 (Tex.Cr.App.1981), and the Code Construction Act, for authority, held that a person who had previously been convicted of the Class C misdemeanor offense of theft was automatically disqualified from serving as a juror.

Today's majority decision to deny appellant's motion for rehearing will put the implicit seal of approval on the above anachronism in our law.

*Frame v. State,* supra, cited by the court of appeals, is not in point because it did not discuss what effect, if any, V.T.C.A., Penal Code, Sec. 12.03(c), which provides that "Conviction of a Class C misdemeanor does not impose any legal disability or disadvantage," had upon Art. 35.16(a)(2), V.A.C.C.P., which provides that a challenge for cause may be made by either the State or the defense on the ground that the venireperson "has been convicted of theft." Under Art. 35.16(a)(2), supra, a venireperson is absolutely disqualified from serving as a juror if he "has been convicted of theft." Thus, whether the person was convicted of theft of a candy bar or theft of a million dollars he may not thereafter ever serve as a juror in this state.

As to whether the court of appeals was correct in its application of the Code Construction Act, I believe that is the real gut issue that is before this Court. In light of what was the apparent intention of the Legislature when it enacted Section 12.03(c), supra, I believe that the decision of the court of appeals is wrong.

Because I believe that the issue before us is of sufficient importance to the citizens of this State, I vote to grant the appellant's motion for rehearing. To the failure of the majority to grant the motion, I respectfully dissent.