**Harold David STRICKLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00001–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 13, 1987.

F. Duncan Thomas, Greenville, for appellant.

Phil Fugitt, Greenville, for appellee.

Before DEVANY, McCLUNG and HECHT, JJ.

McCLUNG, Justice.

Harold Strickland was convicted by a jury of possession of a prohibited weapon. On appeal, appellant asserts double jeopardy and unlawful search and seizure. Because we agree that appellant's second trial was violative of double jeopardy, we reverse and acquit.

After the jury was empaneled and sworn for appellant's first trial, one juror moved out of the county. As a result, the trial court granted a mistrial on its own motion. Appellant objected to the mistrial, but his objection was overruled. A second trial was held before a new jury of twelve, and appellant was convicted.

■ Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim.App.1979). Once jeopardy attaches, the defendant has the right to have his guilt or innocence determined before that first jury, unless the defendant consents to a retrial or manifest necessity and the ends of public justice justify retrial before a second jury. *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App.1981). Appellant did not consent to the mistrial. The issue before us, therefore, is whether there was manifest necessity for declaring the mistrial.

■ Because the mistrial decision affects a constitutionally protected right, there must be a high degree of necessity that trial come to an end, and a reviewing court must determine that the trial judge did not act irrationally or irresponsibly, and that the mistrial order reflects the exercise of sound discretion. *Ex Parte Moore*, 695 S.W.2d 715, 719 (Tex.App.—Austin 1985, no pet.) *citing Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). Sound discretion normally requires the trial judge to consider less drastic alter-

natives to a mistrial, giving adequate consideration to the defendant's right against double jeopardy before declaring a mistrial. *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim.App.1981).

When a juror is "disabled" after the jury is empaneled and sworn, section 36.29 of the Code of Criminal Procedure gives the remaining eleven jurors the power to render the verdict. *Campbell v. State*, 644 S.W.2d 154, 161 (Tex.App.—Austin 1982, pet. ref'd). If a juror is not "disabled" within the meaning of section 36.29, the court should advise the accused that the trial will continue with twelve jurors unless the accused agrees to continue with eleven, or asks for a mistrial. *Moya v. State*, 691 S.W.2d 63, 65 (Tex.App.—San Antonio 1985, no pet.) Thus, the court errs in granting a mistrial over the accused's objection. *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex.Crim.App.1980). To the contrary, if a juror is disabled, the trial court should continue with eleven jurors. Because there is no evidence in the record that the trial court considered or used these alternatives, we hold the trial court did not exercise sound discretion; thus, the appellant was tried in violation of double jeopardy.

Accordingly, we reverse the decision of the trial court and acquit the appellant.