**William David TINNEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-88-066-CR.**

Court of Appeals of Texas, Fort Worth.

May 17, 1989.

Opinion on Rehearing June 21, 1989.

Second Rehearing Denied July 26, 1989.

John H. Hagler, Dallas, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, J. Rex Barnett and Tim White, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, William David Tinney, was convicted by a jury of aggravated robbery. *See* TEX.PENAL CODE ANN. sec. 29.03 (Vernon 1989). The jury assessed punishment at life in the Texas Department of Corrections.

We affirm.

On September 12, 1986, Gloria Collins was robbed at gunpoint in her house. She later identified the appellant as her assailant. A witness for the State told of how

he, appellant, and others injected themselves with amphetamines, stole a truck, and then drove to the victim's house. After the robbery of Mrs. Collins, the group went back to one of their homes to divide the stolen items. On appeal appellant raises four points of error.

■ In point of error number one appellant contends that his conviction should be overturned on grounds that it was barred by the double jeopardy clause. A jury was originally selected and sworn on October 27, 1987, and the trial began. On November 4, 1987, the trial judge became aware that one of the jurors was under felony indictment and ordered a mistrial over appellant's objection. A new jury was chosen later, resulting in the conviction presently before us. We find no mention in any motion or objection at the trial level of the double jeopardy claim. However, we note that apparently, under Texas law, a claim of double joepardy is not waived by the failure to raise it at trial. *See Ex parte Pleasant,* 577 S.W.2d 256 (Tex.Crim.App. [Panel Op.] 1979).

■ Both sides agree that jeopardy attached to appellant when the first jury was impaneled and sworn. Once jeopardy attaches, appellant possesses the right to have his guilt or innocence determined by the first trier of fact. *Torres v. State,* 614 S.W.2d 436, 441 (Tex.Crim.App. [Panel Op.] 1981). An exception to this rule is made if the defendant consents to a retrial, or if a retrial is mandated by some form of manifest necessity. *Id.* The record does not reveal any consent by appellant to the retrial. However, we do find that a manifest necessity required the judge to declare a mistrial.

■ TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon 1989) provides that a challenge for cause may be made if a potential juror is under indictment for a felony. Such an indictment is an absolute disqualification from jury service even if both sides consent. *See* TEX.CODE CRIM.PROC. ANN. art. 35.19 (Vernon 1989). Texas law has held that an absolute disqualification provides the manifest necessity required to declare a mistrial and retry the defendant

with a new jury. *See Ex parte Bronson,* 158 Tex.Crim. 133, 137, 254 S.W.2d 117, 121 (1952); *Pfeffer v. State,* 683 S.W.2d 64, 65 (Tex.App.—Amarillo 1984, pet. ref'd). *See also Frame v. State,* 615 S.W.2d 766, 769 (Tex.Crim.App. [Panel Op.] 1981) (proper for *sua sponte* excusal of disqualified venireperson). Federal law also holds that a disqualified or biased juror provides the manifest necessity necessary for a second trial. *See Thompson v. United States,* 155 U.S. 271, 274, 15 S.Ct. 73, 74, 39 L.Ed. 146, 149 (1894); *Simmons v. United States,* 142 U.S. 148, 153–55, 12 S.Ct. 171, 172–73, 35 L.Ed. 968, 971 (1891); *Whitfield v. Warden of Maryland House of Correction,* 486 F.2d 1118, 1122 (4th Cir.1973), *cert. denied,* 419 U.S. 876, 95 S.Ct. 139, 42 L.Ed.2d 116 (1974); *Smith v. State of Mississippi,* 478 F.2d 88, 96 (5th Cir.), *cert. denied,* 414 U.S. 1113, 94 S.Ct. 844, 38 L.Ed.2d 740 (1973).

Appellant argues that under the holdings in *Schaffer v. State,* 649 S.W.2d 637 (Tex. Crim.App.1983) and *Strickland v. State,* 741 S.W.2d 551 (Tex.App.—Dallas 1987, no pet.) there was no manifest necessity for a mistrial in this case. We disagree and find both cases easily distinguishable. In *Schaffer,* a factually similar situation to the present case was found to be double jeopardy because there was no statement or record by the judge of what the juror disqualification was. *Schaffer,* 649 S.W.2d at 639. In the present case the trial judge stated in the record the reason for the disqualification. In *Strickland,* the Dallas court held that a mistrial was improper if the trial judge failed to use less drastic alternatives first. *Strickland,* 741 S.W.2d at 552–53. In the present cause the trial judge offered to proceed with eleven jurors but appellant would not sign a waiver to proceed with eleven jurors. Thus, the trial judge attempted to use a less drastic alternative. When appellant declined to proceed with eleven jurors, the judge had no choice but to grant a mistrial. Accordingly, we find that there was a manifest necessity to grant a mistrial over appellant's objection. Appellant's first point of error is overruled.

■ In point of error number two appellant complains the trial court erred in

admitting testimony regarding drug use by appellant. A witness for the State testified that before robbing the victim he and the appellant "engaged in some narcotics." Appellant objected and the trial judge overruled the objection. Later, the same witness testified that after returning from the robbery he and appellant "shot some more dope." No objection was lodged against this testimony. On redirect examination the witness again testified that appellant used drugs with him on that day. Again, appellant made no objection to the introduction of this evidence. It is well-settled in Texas that any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *See, e.g., Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App.1984). Defense counsel must object every time allegedly inadmissible evidence is offered. *Id.; Moore v. State,* 675 S.W.2d 348, 350 (Tex.App.—Fort Worth 1984, pet. ref'd). Since appellant failed to object to all instances of ·evidence of alleged drug use, any error is waived. Appellant's second point of error is overruled.

■ In his third point of error appellant argues that the trial court erred in failing to permit the defense to elicit testimony from a witness that the witness had exercised his fifth amendment right at a prior hearing. Appellant correctly states the rule of *Rodriquez v. State,* 513 S.W.2d 594 (Tex.Crim.App.1974), which states that it is not error for the trial judge to refuse to call a witness for the purpose of invoking the fifth amendment in front of the jury. *Id.* at 595. Appellant argues that this rule does not apply to the present case as the witness invoked his fifth amendment right at a prior hearing—not in the present cause.

We believe this contention to be at odds with the purpose of the *Rodriquez* decision. The *Rodriquez* court found:

> The reason for the rule is that, in refusing to answer a question on the ground that the answer would tend to incriminate him, the witness is exercising a constitutional right personal to himself, the exercise of which would neither help nor harm a third person. If no inference of guilt can be indulged against the person who declines to testify, none could be drawn as to the guilt or innocence of a defendant on trial.

*Id.* at 595–96. Additionally, rule 513(a) provides:

**Rule 513. Comment Upon or Inference From Claim of Privilege; Instruction**

**(a) Comment or inference not permitted.** Except as provided in Rule 504(a), the claim of a privilege, whether in the present proceeding *or upon a prior occasion,* is not a proper subject of comment by judge or counsel, and no inference may be drawn therefrom.

TEX.R.CRIM.EVID. 513(a) (emphasis added). We hold that the *Rodriquez* rule, and rule 513(a) cover situations where a witness invoked his fifth amendment right at a prior hearing or trial, as well as at the present trial. Therefore, appellant's third point of error is overruled.

■ Appellant's fourth point of error is that the State failed to lay a predicate for the admission of a tape recording. At trial, the State introduced evidence by a witness that appellant was the perpetrator of the crime. On cross-examination, appellant's counsel attempted to impeach the witness's identification of appellant. On redirect the State introduced a tape recording of the witness made at a prior parole revocation hearing.

In that hearing the witness identified appellant as her attacker. The State used only that portion of the recording where the witness identified her assailant. When faced with a defense objection as to the authenticity of the tape, the State used the witness to authenticate the tape. The State contends on appeal that the witness's authentication was sufficient to allow the tape recording clip into evidence.

■ The State argues that the seven-prong identification test for sound recordings announced by the court of criminal appeals in *Edwards v. State,* 551 S.W.2d

731, 733 (Tex.Crim.App.1977) has been supplanted by an easier authentication method in TEX.R.CRIM.EVID. 901.[1] We disagree. As late as last year, both this court and the court of criminal appeals continued to use the seven-part *Edwards* test for sound recordings. *See Huffman v. State,* 746 S.W.2d 212, 221 (Tex.Crim.App.1988); *Shephard v. State,* 749 S.W.2d 283, 285 (Tex.App.—Fort Worth 1988, pet. ref'd). More recently, on March 22, 1989, the court of criminal appeals showed its continuing faith in the *Edwards* test. *See Lucas v. State,* No. 69,325, slip op. at TC–89–12–59–62 (Tex.Crim.App., Mar. 22, 1989). We find nothing in the rules or case law to indicate that the court of criminal appeals intended to abandon the *Edwards* test by adopting rule 901.

When applying our fact situation to the *Edwards* test we find at least two prongs unfulfilled. First, there is an incomplete identification of the speakers (the witness testified to her voice but not to her interrogator); second, there is no showing that changes, additions, and deletions have not been made to the tape. *See Edwards,* 551 S.W.2d at 733. Further, we do not find these prongs fulfilled by inference from other evidence in the record. Thus, we find it was error to admit the sound recording. However, we believe the very nature of the testimony makes it harmless error since the State was merely showing a prior consistent statement. The witness had already related the fact that appellant was her assailant and that she had testified at a prior probation revocation hearing. This testimony was elicited without objection. Any error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. *See Anderson v. State,* 717 S.W.2d 622, 627 (Tex.Crim.App.1986); *Hudson,* 675 S.W.2d at 511. Since we find no harm in the error of admitting the tape without a proper predicate, we overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.

## OPINION ON REHEARING

The State has filed a motion for rehearing requesting that we reform our opinion and declare that TEX.R.CRIM.EVID. 901 which became effective on September 1, 1986, has supplanted the previously existing seven-point rule for testing the admissibility of sound recordings as enunciated in *Edwards v. State,* 551 S.W.2d 731, 733 (Tex.Crim.App.1977). This we decline to do because rule 901[1] applies only to authenticity or identity, whereas "establishment of the authenticity and correctness of the recording" is only one of the *Edwards* requirements for *admissibility* of recordings.

Rehearing is denied.

---

1. *Edwards* called for:

    (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

*Edwards,* 551 S.W.2d at 733. The court of criminal appeals held that some of the requirements could be inferred from the testimony. *Id.*

1. Rule 901 Requirement of Authentication or Identification

    (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.