**Ex parte L.T. SMITH.**

**No. 07–91–0177–CR.**

Court of Appeals of Texas,
Amarillo.

Oct. 7, 1991.

Warren L. Clark, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

In the trial court, appellant L.T. Smith was unsuccessful in obtaining habeas corpus relief from being twice placed in jeopardy after the court found an impaneled juror was disqualified and, over appellant's objection, declared a mistrial with a new trial to follow. He contends the State's attempt at a second prosecution for the same offense is a violation of his constitutional guarantee against double jeopardy, because the trial court erroneously (1) found jeopardy did not attach at the first trial, (2) found manifest necessity for a mistrial existed, and (3) failed to consider less drastic alternatives before declaring a mistrial. Although we disagree with the court's finding that jeopardy did not attach, we agree with the court's other findings, and affirm.

Appellant was charged by indictment for the offense of aggravated robbery. A jury was impaneled and sworn, appellant pleaded not guilty, and evidence was adduced on the first day of trial. That evening, one of the jurors contacted appellant's attorney

and disclosed that he had a prior felony conviction and was currently under indictment for a felony offense. Before the trial resumed the next morning, appellant's attorney informed the court of the juror's disqualifications. *See* Tex.Code Crim.Proc. Ann. arts. 35.16(a)(2)–(3), 35.19 (Vernon 1989).

The court questioned the juror and, after finding that he was absolutely disqualified, excused the juror. The State moved for a mistrial and, although appellant objected and implored the court to proceed with eleven jurors, the court declared a mistrial.

In later denying the habeas corpus relief appellant sought, the court announced its earlier finding that manifest necessity existed for declaring the mistrial. Still, the court considered appellant's urging of the application of the statutory provision for a verdict by eleven jurors in a felony case when "one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury." Tex.Code Crim.Proc.Ann. art. 36.29(a) (Vernon Supp. 1991). However, the court reasoned that for a juror to be disabled, the juror must first be "abled" or qualified, but that the excused juror was absolutely disqualified and never constituted a juror. Thus reasoning, the court found that jeopardy did not attach; but, the court further found that if jeopardy did attach, manifest necessity existed for the mistrial.

In *Pfeffer v. State*, 683 S.W.2d 64 (Tex. App.—Amarillo 1984), *pet'n ref'd*, 687 S.W.2d 768 (Tex.Cr.App.1985), we held, upon settled authority, that jeopardy attached when the jury was impaneled and sworn to try the cause; and that once jeopardy attached, defendant had the right to have his guilt or innocence determined by that jury unless, in the absence of his consent to a mistrial, a new trial was mandated by manifest necessity, such as the absolute disqualification of an impaneled juror. Thus, we concluded that upon discovering an impaneled juror was absolutely disqualified because of a misdemeanor theft conviction, the trial court had no viable alternative other than to declare a mistrial, even though defendant objected. In

these circumstances, defendant was not exposed to double jeopardy by a second prosecution on the pending information. *Id.* at 65–67.

We adhere to our *Pfeffer* holding that jeopardy attached when the jury was impaneled and sworn, even though one of the impaneled jurors was absolutely disqualified as a juror. 683 S.W.2d at 65. We, therefore, sustain appellant's first point of error, thereby reaching the critical issue whether the court's finding of manifest necessity for a mistrial is negated, as appellant contends with his other points, by his request to proceed to a verdict with eleven jurors as a less drastic alternative to the mistrial.

Appellant does not challenge the holdings in *Pfeffer* that the impaneled juror's absolute disqualification created a manifest necessity for the mistrial without the attachment of jeopardy; instead, he contends the holdings are not controlling under the factual situation of his prosecution. This results, he proposes, because Pfeffer did not, as he did, object to the mistrial and urge the court to proceed to a verdict with the remaining qualified jurors. His proposal rests on *Strickland v. State*, 741 S.W.2d 551 (Tex.App.—Dallas 1987, no pet'n), and *Tinney v. State*, 773 S.W.2d 364 (Tex. App.—Fort Worth 1989, pet'n ref'd). The proposal was not credited in the trial court, and we are not persuaded to accept it.

After a jury was impaneled and sworn in *Strickland,* one juror moved out of the county and, on its own motion, the trial court granted a mistrial over defendant's objection. Defendant was convicted in a second trial. The appellate court sustained defendant's plea of double jeopardy, reversed his conviction and acquitted him, because the trial court, required to give adequate consideration to defendant's right against double jeopardy, did not exercise sound discretion in failing to consider the less drastic alternative to a mistrial under the article 36.29[ (a) ] provision empowering eleven jurors to render a verdict when one juror becomes disabled. *Strickland v. State,* 741 S.W.2d at 552–53.

During the trial in *Tinney*, the trial court became aware that one of the impaneled and sworn jurors was under felony indictment, an absolute disqualification. Tex. Code Crim.Proc.Ann. arts. 35.16(a)(3), 35.19 (Vernon 1989). The court offered to proceed with eleven jurors, but when defendant would not sign a waiver to so proceed, the court granted a mistrial over defendant's objection. On appeal from his conviction in a second trial, defendant contended that his conviction was barred by double jeopardy. The appellate court disagreed, holding that when defendant declined the trial court's attempted use of a less drastic alternative to a mistrial by proceeding with eleven jurors, there was manifest necessity to grant the mistrial over defendant's objection. *Tinney v. State*, 773 S.W.2d at 366.

■■■ Considering these authorities, the trial court correctly concluded that the *Strickland* court's holding in reliance on article 36.29(a) was not applicable to appellant's prosecution, and that the *Tinney* court's tacit approval of applying the article 36.29(a) procedure with defendant's consent was not an acceptable method for proceeding when an absolutely disqualified juror is erroneously impaneled. It was determined in *Carrillo v. State*, 597 S.W.2d 769, 770–71 (Tex.Cr.App.1980), that the discretion vested by, and to be exercised under, article 36.29(a) is limited to situations where a (qualified, impaneled) juror dies or is "disabled from sitting" because of a physical, mental or emotional condition. The limited discretion persists. *Landrum v. State*, 788 S.W.2d 577, 579 (Tex.Cr.App. 1990). It follows that article 36.29(a) cannot apply to the situation where an impaneled juror is absolutely disqualified because he has been convicted of, or is under indictment for, any felony. In that situation, neither the State nor defendant can consent to waive the disqualification, *DeBlanc v. State*, 799 S.W.2d 701, 707 (Tex.Cr.App. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2912, 115 L.Ed.2d 1075–76 (1991), for "a new trial shall be ordered, without regard to a showing of injury or probable injury or of consent or waiver." *Thomas v. State*,

796 S.W.2d 196, 197–98 (Tex.Cr.App.1990) (quoting *Ex parte Bronson*, 158 Tex.Cr.R. 133, 254 S.W.2d 117, 121 (1952)).

Then, given the situation of an impaneled juror who was absolutely disqualified, the trial court properly declared a mistrial even though appellant objected, and appellant will not be exposed to double jeopardy by a second prosecution on the pending indictment. *Pfeffer v. State*, 683 S.W.2d at 66–67. Appellant's second and third points of error are overruled.

The judgment of the trial court denying habeas corpus relief is affirmed.