Dennis Wayne ENOS, Appellant

v.

The STATE of Texas, Appellee.

No. 1262–93.

Court of Criminal Appeals of Texas.

Dec. 14, 1994.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, and Lynn Allison Bollish, Asst. Dist. Attys., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant, Dennis Wayne Enos, pled guilty to a charge of aggravated robbery. *See* Tex.Penal Code § 29.03(a)(2). The jury assessed punishment, enhanced by one prior felony conviction, at imprisonment for 75 years. *See* Tex.Penal Code § 12.42(c). The Second Court of Appeals affirmed. *Enos v. State*, 859 S.W.2d 594 (Tex.App.—Fort Worth 1993). We granted appellant's petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(4), to determine whether the court of appeals

erred in holding that Article 56.03(g) of the Texas Code of Criminal Procedure exempts victim impact statements[1] from the *Gaskin* rule.[2] We will reverse and remand.

### The Controversy

After appellant's plea of guilty and during the punishment phase of the trial, the State presented evidence to the jury regarding the circumstances of appellant's offense and the effect it had on his victims. One of the State's witnesses, Shirley Mimms, testified that on April 4, 1990, appellant robbed the Fort Worth bank in which she worked. She also testified that immediately after appellant left the bank, she fell to her knees, "hysterical" and "in shock" because of appellant's actions.

On cross-examination, Mimms testified that sometime after the offense occurred, she "fill[ed] out some sort of paperwork" for the district attorney's office, and that the paperwork "had to do ... with [her] being the victim." Defense counsel requested a copy of the paperwork "for purposes of cross-examination,"[3] but the prosecutor objected to the request on the ground the "victim impact statement[4] [was] protected by a separate statute." The trial court sustained the prosecutor's objection but gave no explanation for its ruling. A short while later, after a recess, the trial court noted on the record that it had reviewed a copy of the victim impact statement and that it found "nothing mitigating nor exculpatory" in it. Defense counsel then requested that a sealed copy of the victim impact statement be included in the record, and the trial court so ordered.

On appeal, appellant argued that the trial court erred in sustaining the prosecutor's objection because the victim impact statement was discoverable under *Gaskin* and Rule 614(a) for purposes of cross-examination and possible impeachment of Mimms. The State's response was twofold. The State argued first that the victim impact statement was not discoverable under Article 56.03(g)[5] of the Texas Code of Criminal Procedure because the trial court determined that the statement contained no exculpatory material. Secondly, the State argued that the victim impact statement was also not discoverable under *Gaskin* or Rule 614(a) because the statement "did not relate to the victim's testimony on direct examination."

The court of appeals agreed with the State that the trial court did not err, reasoning that victim impact statements are discoverable *only* within the terms of Article 56.03(g), with its "exculpatory material" requirement:

> Although no Texas cases speak directly to this issue, we find that allowing [a] defendant to obtain a copy of the victim impact

1. All references to "victim impact statements" refer to those statements authorized by Article 56.03, which provides in relevant part:

    (a) The Texas Crime Victim Clearinghouse, with the participation of the Texas Adult Probation Commission and the Board of Pardons and Paroles, shall develop a form to be used by law enforcement agencies, prosecutors, and other participants in the criminal justice system to record the impact of an offense on a victim of the offense, guardian of a victim, or a close relative of a deceased victim....

          ＊   ＊   ＊   ＊   ＊   ＊

    (g) A victim impact statement is subject to discovery under Article 39.14 of this code before the testimony of the victim is taken only if the court determines that the statement contains exculpatory material.

    Article 39.14 is the general discovery statute for criminal cases.

2. *Gaskin v. State*, 172 Tex.Crim. 7, 353 S.W.2d 467 (App.1961). Texas Rule of Criminal Evidence 614(a), which expands and codifies the *Gaskin* rule, provides:

    After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the state or the defendant and his attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

    *See* Goode, Wellborn & Sharlot, *Guide to the Texas Rules of Evidence* § 615.1 (Tex.Prac.1993).

3. Although defense counsel mentioned neither *Gaskin v. State*, 172 Tex.Crim. 7, 353 S.W.2d 467 (App.1961), nor Texas Rule of Criminal Evidence 614(a), it was apparent from the context that *Gaskin* or Rule 614(a) was the basis of his request. *See* Tex.R.App.Proc. 52(a).

4. The parties agree that Mimms" statement is an Article 56.03 victim impact statement.

5. *See* footnote 1, *ante*.

statement through [*Gaskin* or Rule 614(a) ] would subvert the whole purpose behind the statute [Article 56.03(g) ] which provides for its discovery. If we were to sustain Enos' point, defendants would always be able to obtain the victim impact statement by merely waiting to request such after the testimony of the victim at trial.

*Enos v. State,* 859 S.W.2d, at 597. The court of appeals did not reach the question of whether Mimms' victim impact statement related to the subject matter of her testimony on direct examination.

Appellant argues now that "[a] plain-language reading [of Article 56.03(g) ] implies nothing about the ... unavailability [of the victim impact statement] *after* the victim testifies." (Emphasis added.) Appellant argues further that Article 56.03(g) "is completely irrelevant to the situation presented here since the request [for the victim impact statement] was made, not before the testimony of the victim was taken, but rather *after* the testimony of the victim [was] taken." (Emphasis in original.) In its response, the State now concedes that Article 56.03(g) "is ... silent on the effect of a discovery request after the testimony of the witness," but the State continues to insist that the victim impact statement was not subject to a motion for production under *Gaskin* or Rule 614(a) "because the statement did not relate to the subject matter of the witness' testimony on direct examination."

### Analysis

■ In *Gaskin,* we held that once a witness testifies for the prosecution, the defendant is entitled to inspect any written statements made previously by that witness, so that the defendant may better cross-examine and possibly impeach the witness. *Gaskin v. State,* 353 S.W.2d, at 469. The *Gaskin* rule, however, applies only to statements of a witness that relate to the subject matter concerning which the witness testified. *Williams v. State,* 542 S.W.2d 131, 138 (Tex. Crim.App.1976). Rule 614(a) codifies and expands the *Gaskin* rule. *Washington v. State,* 856 S.W.2d 184, 188 n. 4 (Tex.Crim.App. 1993).

Article 56.03(g) was enacted into law in 1985. The question before us now is whether that statute abrogates the *Gaskin* rule with respect to victim impact statements.

■ It is well-established that, ordinarily, a statute must be interpreted according to its plain meaning, no more and no less. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim. App.1991). And, it is equally well-established that a statute must not be interpreted as abrogating a principle of the common law unless such overruling is clearly indicated, either by the express terms of the statute or by necessary implication from the language used. *See* Tex.Code Crim.Proc. art. 1.27; *Carrow Co. v. Lusby,* 167 Ariz. 18, 804 P.2d 747, 750 (1990); *White v. State,* 290 Ark. 130, 717 S.W.2d 784, 787 (1986); *Thornber v. City of Ft. Walton Beach,* 568 So.2d 914, 918 (Fla.1990); 2B *Sutherland on Statutory Construction* § 50.01, at 90 (5th ed. 1992); 82 C.J.S. *Statutes* § 363 (1953). This second canon is based on the reasonable supposition that if the Legislature intended to overrule a principle of the common law, then it would have made its intent clear. H. Black, *Handbook on the Construction and Interpretation of the Laws* § 95, at 233 (1896).

■ Applying these canons to this case, we conclude that, contrary to the holding·of the court of appeals, Article 56.03(g) does *not* abrogate the *Gaskin* rule with respect to victim impact statements. Article 56.03(g), by its plain language, concerns only the discoverability of victim impact statements *before* a victim testifies, whereas the *Gaskin* rule concerns the discoverability of statements *after* a witness testifies on direct examination. We see no express or implied abrogation of *Gaskin* with respect to victim impact statements. In short, in the absence of a clear textual mandate to abrogate, with respect to victim impact statements, the valuable right announced in *Gaskin,* we will not interpret Article 56.03(g) to do so.

Since the court of appeals failed to address the State's argument that Mimms' victim impact statement was not discoverable even under *Gaskin,* we will remand this cause to the court of appeals to consider that argument. *Lee v. State,* 791 S.W.2d 141, 142

(Tex.Crim.App.1990); Tex.R.App.Proc. 200(a).

The judgment of the court of appeals is REVERSED and the cause REMANDED to that court for further proceedings.