OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 20, 2002

The Honorable Warren Chisum
Chair, House Committee on
   Environmental Regulation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0557

Re: Whether a member of a school district board of trustees may serve as a member of the board of directors of a groundwater conservation district with a population of less than 50,000 (RQ-0531-JC)

Dear Representative Chisum:

You have requested our opinion as to whether a member of a school district board of trustees is eligible to serve as a member of the board of directors of a groundwater conservation district with a population of less than 50,000. For the reasons set forth below, we conclude that the trustee is not eligible to do so.

Section 36.051(b) of the Water Code provides:

> (b) A member of a governing body of another political subdivision is ineligible for appointment or election as a director. A director is disqualified and vacates the office of director if the director is appointed or elected as a member of the governing body of another political subdivision. *This subsection does not apply to any district with a population of less than 50,000.*

TEX. WATER CODE ANN. § 36.051(b) (Vernon 2000) (emphasis added). Before turning to your specific question, we will discuss the background of section 36.051(b), in order to address arguments presented in two briefs submitted to this office in connection with the present inquiry.[1]

Section 36.051(b) was adopted in 1995 as a consolidation of that portion of the Water Code dealing with groundwater conservation districts. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 933, § 2, 1995 Tex. Gen. Laws 4673, 4683. The historical and statutory notes to section 36.051 list

---

[1]Brief from Brian L. Sledge, Attorney at Law, Lloyd, Gosselink, Blevins, Rochelle, Baldwin & Townsend, P.C., to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Texas Attorney General (May 8, 2002) (on file with Opinion Committee); Brief from Gregory M. Ellis, Attorney at Law, to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Texas Attorney General (May 24, 2002) (on file with Opinion Committee).

former section 52.106 of an earlier Water Code as a prior law. Section 52.106 was added to the previous Water Code in 1989, when the provision read in its entirety:

> Sec. 52.106. Qualifications for Directors
>
> To be qualified to serve as a director, a person must be a registered voter in the precinct that the person represents.[2]

Act of May 29, 1989, 71st Leg., ch. 936, § 5, 1989 Tex. Gen. Laws 3981, 3994. In 1991, the legislature renumbered section 52.106 as subsection (a) of section 52.106, and added a subsection (b), which read as follows:

> (b) A member of the governing body of another political subdivision is ineligible for appointment or election as a director. A director is disqualified and vacates the office of director if the director is appointed or elected as a member of the governing body of another political subdivision.

Act of May 27, 1991, 72d Leg., R.S., ch. 701, § 5, 1991 Tex. Gen. Laws 2506, 2507. In the 1995 consolidation, the legislature renumbered subsection 52.106(b) as subsection 36.051(b), and added the exemption for districts with a population of less than 50,000. Act of May 29, 1995, 74th Leg., R.S., ch. 933, § 2, 1995 Tex. Gen. Laws 4673, 4683.

In Attorney General Opinion JC-0455, we said that section 36.051(b) of the Water Code may not be read to "affirmatively declare that, in a district with a population of less than 50,000, a member of the governing body of another political subdivision is thereby *eligible* to serve as a director of a groundwater conservation district. Subsection 36.051(b) thus does not repeal the common-law doctrine of incompatibility with regard to districts of less than 50,000 population." Tex. Att'y Gen. Op. No. JC-0455 (2002) at 4. Because the groundwater conservation district at issue in JC-0455 was authorized to contract with a county, to levy taxes, and most especially, to exercise substantial control over water whose regulation was also entrusted to the county, the opinion concluded that "a county commissioner is prohibited by the common-law doctrine of incompatibility from simultaneously serving on the board of directors of any groundwater conservation district with geographical boundaries that overlap those of the county." *Id.* at 6.

We have frequently noted that the common-law doctrine of incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. The first is derived from the Texas Supreme Court's decision in *Ehlinger v. Clark*, in which the Court held that "because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who

---

[2]Groundwater conservation districts were at that time referred to as "underground water conservation districts" in chapter 52 of the Water Code. Act of May 29, 1989, 71st Leg., R.S., ch. 936, § 1, 1989 Tex. Gen. Laws 3981.

have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). The "self-employment" aspect of incompatibility is a kind of corollary to the "self-appointment" doctrine. It was first recognized in Texas in Attorney General Opinion LA-114 (1975), in which this office said that a public school teacher was ineligible to serve as a member of the board of trustees of the district in which she was employed as a teacher. The third aspect of incompatibility – conflicting loyalties – was first announced by a Texas court in the case of *Thomas v. Abernathy County Line Independent School District*. In that case, the court held:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations . . . . If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 , 153 (Tex. Comm'n App. 1927, judgm't adopted).

Since its genesis in 1989, it is clear that the present version of section 36.051(b) was intended by the legislature to impose a statutory disqualification on the holding of certain offices, a disqualification that was different from common-law incompatibility. The statute is broader than self-appointment incompatibility, in that it applies to the appointment and the election as a director of a groundwater conversation district, by any method whatsoever. It is not limited to appointments made by oneself or one's board. Thus, because school trustees do not appoint members of a groundwater conservation board in a county that also contains a groundwater conservation district, a school trustee would not be barred by self-appointment incompatibility from serving as a director of a groundwater conservation district. But the same individual would, in a district with a population of 50,000 or more, be prohibited from such dual service by section 36.051(b).

On the other hand, the statute is narrower than the self-employment aspect of incompatibility. That doctrine would prohibit the board of directors of a groundwater conservation district of 50,000 or greater population from employing one of its own members as executive director of the district. Section 36.051(b) would not do so, however, because the executive director of a groundwater conservation district is not "a member of the governing board of another political subdivision." TEX. WATER CODE ANN. § 36.051(b) (Vernon 2000).

Accordingly, section 36.051(b), both in its scope and in the history of its legislative permutations since 1989, is altogether different from the common-law doctrine of incompatibility.

The mere fact that some of its prohibitions overlap does not demonstrate that the legislature meant to abrogate the common-law doctrine with regard to groundwater conservation districts. As the court said in *Bruce v. Jim Walters Homes, Inc.*, "[a] statute may be interpreted as abrogating a principle of common law only when either the express terms of the statute or its necessary implications clearly indicate such an intent by the legislature." *Bruce v. Jim Walters Homes, Inc.*, 943 S.W.2d 121, 122-23 (Tex. App.–San Antonio 1997, writ denied); *accord Enos v. State*, 889 S.W.2d 303, 305 (Tex. Crim. App. 1994) (this canon "is based on the reasonable supposition that if the Legislature intended to overrule a principle of the common law, then it would have made its intent clear"). Nor does any legislative history that we have found indicate that the legislature had in mind common-law incompatibility when it enacted section 36.051(b), or any of its predecessors. Consequently, common-law incompatibility, to the extent it can be applied, remains in effect for groundwater conservation districts.

It follows that, when the legislature in 1995 enacted the exemption for districts with a population of less than 50,000, it meant to apply the exemption only to the statutory prohibition of section 36.051(b). Because that statute did not speak to common-law incompatibility, an exemption from that statute could have had no bearing on the doctrine of common-law incompatibility with regard to districts with a population of less than 50,000. Thus, all three components of common-law incompatibility remain in effect for all districts, regardless of population.

With this background, we turn to your question. You ask us to assume the following facts:

> 1. a portion of the school district's boundaries overlap a portion of the groundwater district's boundaries;
>
> 2. both the school district and the groundwater district are taxing entities;
>
> 3. service on the school board is an uncompensated position;
>
> 4. the school district does not presently engage in any activity regulated by the groundwater district, nor does it intend to engage in any such activity in the future; and
>
> 5. the school district does not own property within the groundwater district's boundaries.[3]

It is clear that the school district and the groundwater conservation district, in the situation you pose, do not have the sort of intertwined relationship that was the case in Attorney General Opinion JC-0455. You do not indicate whether the districts are authorized to contract with each other, but, as you have not informed us specifically of such authority, we will assume for purposes of this

---

[3]Letter from Honorable Warren Chisum, Chairman, House Committee on Environmental Regulation, to Honorable John Cornyn, Texas Attorney General (Apr. 1, 2002) (on file with Opinion Committee).

opinion that they do not have it.  Nevertheless, as this office has declared on many occasions, "[w]here the geographical boundaries of two governmental bodies overlap, there is always the potential for conflict."  Tex. Att'y Gen. Op. No. JC-0455 (2002) at 5; *see also* Tex. Att'y Gen. Op. Nos. JM-1266 (1990) at 4, JM-129 (1984) at 3.

In our view, the most troubling aspect of the circumstances described here is that both districts have the power of taxation.  In Attorney General Opinion JM-129, this office considered whether a member of the board of trustees of a community college district was barred by common-law incompatibility from simultaneously serving as a county commissioner in the county in which the community college district was located.  The Attorney General found that "[t]he county and the junior college district could have conflicting interests with respect to tax collection and one person serving as junior college trustee and county commissioner could not serve the best interests of both."  Tex. Att'y Gen. Op. No. JM-129 (1984) at 2.  Likewise, in Attorney General Opinion JM-1266, this office considered whether a person could simultaneously hold the offices of city council member and director of a navigation district that had overlapping geographical boundaries with the city.  The opinion declared that "[i]f the navigation district has and exercises taxing authority, the potential for conflict is probably insurmountable."  Tex. Att'y Gen. Op. No. JM-1266 (1990) at 4.

If two districts with overlapping geographical jurisdictions each have the power of taxation, we also believe that the potential for conflict is insurmountable.  Where the object of each district is to maximize its own revenues, a single individual would have great difficulty in exercising his duties to two separate and competing masters.  For that reason, it is our opinion that, where both districts have taxing authority, and their geographical boundaries overlap, a member of a school district board of trustees may not simultaneously serve as a member of the board of directors of a groundwater conservation district with a population of less than 50,000.

## S U M M A R Y

A member of a school district board of trustees is not rendered ineligible by virtue of section 36.051(b) of the Water Code to serve as a member of the board of directors of a groundwater conservation district with a population of less than 50,000. Nonetheless, where the geographical boundaries of the school district and the groundwater conservation district overlap, and where both have taxing authority, a member of the school district board of trustees is barred by the "conflicting loyalties" aspect of the common-law doctrine of incompatibility from simultaneously serving as a member of the board of directors of the groundwater conservation district.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee