# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

November 26, 2007

The Honorable Jana Duty
Williamson County Attorney
405 M.L.K. Street, Box 7
Georgetown, Texas 78626

Opinion No. GA-0580

Re: Whether a county that chooses to operate under subchapter C of chapter 111, Local Government Code, may appoint its county judge as its county budget officer (RQ-0590-GA)

Dear Ms. Duty:

Subchapter C of chapter 111 of the Local Government Code authorizes a commissioners court in a county with a population in excess of 125,000 to appoint a county budget officer to prepare the proposed county budget. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.061–.62 (Vernon 1999) (Subchapter C: Alternate Method of Budget Preparation in Counties With Population of More Than 125,000). You ask whether a county that chooses to operate under subchapter C may appoint its county judge to serve as its county budget officer.[1]

## I.    Background

You inform us that Williamson County, Texas, with a population of approximately 350,000, currently operates under subchapter B of chapter 111, Local Government Code. *See* Request Letter, *supra* note 1, at 1. Williamson County desires, however, to operate under subchapter C. *See id.* Subchapters A, B, and C of chapter 111 prescribe the county budget preparation requirements applicable to a county, depending on the county's population size. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.001–.014 (Vernon 1999 & Supp. 2007) (subchapter A); *id.* §§ 111.031–.045 (subchapter B); *id.* §§ 111.061–.075 (subchapter C). Subchapter A applies only to a county with "a population of 225,000 or less and that does not operate under Subchapter C." *Id.* § 111.001 (Vernon 1999). In a county operating under subchapter A, the county judge serves as the county budget officer. *See id.* § 111.002. On the other hand, subchapter B applies to a county with a population in excess of 225,000 and that does not operate under subchapter C. *See id.* § 111.031. In a county operating under subchapter B, the county auditor serves as the county budget officer. *See id.* § 111.032. Finally, subchapter C "applies only to a county that has a population of more than 125, 000 and that chooses to operate under [subchapter C] instead of under subchapter A or B" and authorizes a county

---

[1]*See* Letter from Honorable Jana Duty, Williamson County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 14, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

operating under its provisions to appoint a county budget officer. *Id.* §§ 111.061–.062. Thus, in a county such as Williamson County with a population in excess of 225,000, the county auditor serves as the county budget officer unless the county appoints a county budget officer pursuant to subchapter C.

## II.　　Analysis

Section 111.062, the subchapter C provision authorizing the appointment of a county budget officer, provides in relevant part:

> (a)　The commissioners court of the county may appoint a county budget officer to prepare a county budget for the fiscal year.
>
> (b)　A county that establishes the office of county budget officer may abolish that office only by a formal action of the commissioners court. . . . If the office is abolished, the duties of budget officer shall be performed by:
>
> > (1)　the county judge, if the county has a population of 225,000 or less; or
> >
> > (2)　the county auditor, if the county has a population of more than 225,000.

*Id.* § 111.062.

While section 111.062 expressly authorizes the commissioners court to appoint the county budget officer, it does not specify who the commissioners court may appoint as the county budget officer. *See id.* And, as particularly relevant with respect to the application of Texas common law discussed below, the statute does not expressly authorize the commissioners court to appoint the county judge as the county budget officer. *See id.*

Under Texas common law, the county commissioners court may not appoint one of its members to an office over which the commissioners court has appointment authority. *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). The county judge is a member of the commissioners court and the presiding officer when present. *See* TEX. LOC. GOV'T CODE ANN. § 81.001 (Vernon 1999); *see also Rheuark v. Shaw*, 628 F.2d 297, 301 n.5 (5th Cir. 1980) ("The commissioners court, consisting of the county judge and four county commissioners, is the governing and administrative body of a county in Texas."). Under the common law, "all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint" because of the inherent incompatibility of a person being "both a member of a body making the appointment and an appointee of that body." *Ehlinger*, 8 S.W.2d at 674; *see also St. Louis Sw. Ry. Co. of Tex. v. Naples Indep. Sch. Dist.*, 30 S.W.2d 703, 706 (Tex. Civ. App.—Texarkana 1930, no writ) ("[i]t is contrary to the policy of the law for an officer to use his official appointing power to place himself in office").

The Legislature has not abrogated the common-law rule against self-appointment with respect to the appointment of the county judge as the county budget officer. *See* TEX. LOC. GOV'T CODE ANN. § 111.062 (Vernon 1999). The Legislature may abrogate the common law if it plainly expresses such an intent. *Enos v. State*, 889 S.W.2d 303, 305 (Tex. Crim. App. 1994); *Bruce v. Jim Walters Homes, Inc.*, 943 S.W.2d 121, 122–23 (Tex. App.—San Antonio 1997, writ denied). The Legislature has not expressed such an intent in section 111.062. *See* TEX. LOC. GOV'T CODE ANN. § 111.062 (Vernon 1999). Under established principles of statutory construction, it is presumed that the Legislature adopted section 111.062 with knowledge of and with reference to the common law prohibiting self-appointment. *See Tex. Dep't of Pub. Safety v. Loeb*, 149 S.W.3d 741, 745 (Tex. App.—Austin 2004, no pet.) (citing *McBride v. Clayton*, 166 S.W.2d 125, 128 (Tex. 1942)) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the *existing* law and with reference to it.").[2]

Thus, consistent with Texas common law, the commissioners court cannot appoint the county judge as the county budget officer for the county. *Cf. Ehlinger*, 8 S.W.2d at 674 (holding that under the common-law prohibition on self-appointment, a commissioners court "cannot appoint as its attorney one of its own members, to wit, the county judge"). And, in answer to your question, we conclude that a county that chooses to operate under subchapter C of chapter 111, Local Government Code, may not appoint its county judge to serve as its county budget officer.

---

[2]Consistent with our conclusion, section 111.062 was apparently adopted to allow the larger counties to have a full-time, separate county budget officer. In 1981, the Legislature adopted Senate Bill 54 amending the substance of sections 111.061 and 111.062 to have a broader application. *See* Act of Mar. 19, 1981, 67th Leg., R.S., ch. 17, § 1, 1981 Tex. Gen. Laws 22. A bill analysis for Senate Bill 54 explains that the provisions providing for the appointment of a county budget officer were originally adopted in 1977 to allow certain counties "to appoint a full-time budget officer." HOUSE STUDY GROUP, HOUSE COMM. ON INTERGOVERNMENTAL AFFAIRS, BILL ANALYSIS, Tex. S.B. 54, 67th Leg., R.S. (1981). Noting that only Dallas County had a full-time budget officer, the analysis states that the 1981 amendment would grant other counties, such as Harris County, where preparing the budget is "not a part-time job," the same option. *See id.*

## S U M M A R Y

Under Texas common law, a county commissioners court cannot appoint one of its members to an office over which the commissioners court has appointment authority. Subchapter C of chapter 111, Local Government Code, authorizing a county commissioners court of an eligible county to appoint a county budget officer, does not abrogate the common law. Accordingly, a county that chooses to operate under subchapter C is not authorized to appoint its county judge to serve as its county budget officer.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee