02-10-175-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00175-CR

 

 


 
 
 Jonathan Laboriel-Guity a/k/a
 Jonathan Laborielguity
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM Criminal District Court No. 2
OF Tarrant COUNTY

------------

OPINION

------------

          Appellant Jonathan Laboriel-Guity
a/k/a Jonathan Laborielguity appeals from a judgment convicting him of
aggravated robbery with a deadly weapon. 
In a single point, Appellant argues that the trial court abused its discretion
by sentencing him to thirty years’ confinement. 
We will affirm.

          Appellant entered an open plea of
guilty to aggravated robbery with a deadly weapon and requested the preparation
of a pre-sentence investigation report (PSI). 
The PSI was prepared, and the trial court conducted a punishment
hearing.

          Andrea Franklin testified that she was
employed as an account representative for a staffing agency and that on July
10, 2009, she personally delivered paychecks to a
business located in Saginaw.  As Franklin
drove out of the business’s parking lot in her car, she observed Appellant,
whom she recognized as a temporary employee of one of her client companies,
wave her down.  Franklin stopped, Appellant
asked her for a ride to the gas station, and Franklin agreed to give him a ride.  Once Appellant was in Franklin’s car, he
pulled out a knife with a “big serrated saw blade,” put it to Franklin’s
throat, and said, “Don’t move.” 
Franklin, however, fought back, screamed, and struggled with Appellant
as he tried to put a rag over her mouth and to wrestle her to the back
seat.  Terrified, Franklin managed to
exit the car and to run down the road, but Appellant moved over to the car’s driver’s
seat, “came after” Franklin in the car, and tried to run her down.  Franklin jumped out of the way, and Appellant
crashed the car and ran off.

          After the incident, Franklin noticed
some rope on the car’s floorboard that she thought Appellant had brought with
him.  Franklin suffered cuts to her neck
and hands, busted lips, and a scrape on her face.  Franklin testified that she had not yet
returned to work because she did not feel safe, that she had been attending
counseling, that she does not feel safe in “social situations,” and that the
incident had “changed [her] a lot.”

          Appellant testified that he acted out
of desperation because he needed money to pay for his son’s surgery, that he did
not intend to kill or hurt Franklin, that he was attempting to return Franklin’s
car to her when he drove towards her, and that he apologized to Franklin after exiting
her car.  Appellant said that he had
taken responsibility for his actions and he apologized to Franklin.

          The trial court found Appellant guilty
of aggravated robbery with a deadly weapon and sentenced him to thirty years’
confinement.

          In one point, Appellant argues that
the trial court abused its discretion by sentencing him to thirty years’
confinement because the trial court “did not give due consideration to [his]
remorse and acceptance of responsibility” regarding the offense.  Appellant acknowledges that trial courts have
discretion to impose punishment within the prescribed range, but he cites Jackson v. State, 680 S.W.2d 809 (Tex. Crim.
App. 1984), and argues that “Jackson
intimates that a trial judge may abuse its discretion even if the punishment
determination falls within the range prescribed for a particular offense.”

          To preserve a complaint for our review,
a party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1);
Layton v. State, 280 S.W.3d 235,
238–39 (Tex. Crim. App. 2009).

          Appellant did not assert an objection
when the trial court sentenced him to thirty years’ confinement, nor did he
file a motion for new trial challenging the severity of his sentence.  Consequently, Appellant failed to preserve
this point for appellate review.  See Tex. R. App. P. 33.1(a)(1); Mercado v. State, 718 S.W.2d 291, 296
(Tex. Crim. App. 1986) (“As a general rule, an appellant may not assert error
pertaining to his sentence or punishment where he failed to object or otherwise
raise such error in the trial court.”); Rodriguez
v. State, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref’d) (reasoning
that “nothing is preserved for review because appellant failed to raise the
severity of his sentence when punishment was assessed or in a new trial motion”);
Davis v. State, No. 02-04-00132-CR,
2005 WL 627104, at *1 (Tex. App.—Fort Worth Mar. 17, 2005, pet. ref’d) (mem.
op, not designated for publication) (holding that appellant failed to preserve
for appellate review point challenging his sentence).

          Even if Appellant had preserved his
point, it is unpersuasive.  In a previous
memorandum opinion, this court stated of Jackson
as follows:

In Jackson, the trial judge who assessed
punishment did not have access to the transcript of the testimony at the
guilt-innocence phase of trial, no evidence was elicited at the punishment
hearing, and the trial court sentenced appellant based solely on a pre-sentence
investigation report.  “The sentencing judge . . . was left with nothing to base his
determination as to punishment on except the naked fact that appellant had been
found guilty of the offense of sexual abuse of a child.”  “[U]nder the limited facts of th[e] case,”
the court of criminal appeals held that the trial court abused its discretion
by determining the appellant’s sentence in the absence of any facts or evidence
available to the court and upon which the court could have relied in assessing
punishment.

 

Sanders v. State,
No. 02-07-00250-CR, 2008 WL 4601937, at *1 (Tex. App.—Fort Worth Oct. 16, 2008,
no pet.) (mem. op, not
designated for publication) (citations omitted).

          Unlike the issue in Jackson, Appellant does not argue that
the trial court abused its discretion in sentencing him because it determined
his sentence in the absence of any facts or evidence.[1]  Instead, Appellant argues that his
thirty-year, “mid-range” sentence is too high because the trial court
“indicated a complete lack of reliance on the Appellant’s remorse and
acceptance of responsibility.”  Jackson is thus inapposite to the
argument that Appellant raises in this appeal.

          Aggravated robbery, a first degree
felony, is punishable by imprisonment for not more than ninety-nine years or
less than five years.  See Tex. Penal Code Ann. § 12.32(a)
(Vernon Supp. 2010), § 29.03(a)(2), (b) (Vernon
2003).  Appellant’s punishment of thirty
years therefore falls within the statutory range of punishment for aggravated
robbery.  Appellant does not argue that
his sentence is grossly disproportionate to the offense he committed.  See Ex
parte Chavez, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (stating that a
punishment that falls within the legislatively prescribed range and is based
upon the sentencer’s informed normative judgment is unassailable on appeal,
subject only to “a very limited, ‘exceedingly rare,’ and somewhat amorphous
Eighth Amendment gross-disproportionality review”).  Accordingly, we hold that the trial court did
not abuse its discretion by sentencing Appellant to thirty years’ confinement.  See
Price v. State, Nos. 02-09-00122-CR, 02-09-00123-CR, 2009 WL 4878714, at
*1–2 (Tex. App.—Fort Worth Dec. 17, 2009, pet. ref’d) (mem. op., not designated
for publication) (addressing similar issue). 
We overrule Appellant’s only point, and we affirm the trial court’s
judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER,
and MEIER, JJ.

 

DAUPHINOT,
J. filed a concurring opinion.

 

PUBLISH

 

DELIVERED:  January 13, 2011

 

 








 










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00175-CR

 

 


 
 
 JONATHAN LABORIEL-GUITY
 A/K/A JONATHAN LABORIELGUITY
 
 
  
 
 
 APPELLANT
  
 
 
 
 
  
 V.
  
 
 
 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

fROM CRIMINAL DISTRICT COURT NO. 2
OF TARRANT COUNTY

------------

CONCURRING
OPINION

------------

          I write separately because, although I
agree with the result, I cannot completely agree with the rationale of the
majority for the reasons stated in my concurring and dissenting opinion to the
majority opinion in Kim v. State.[2]         Although appellate courts may suggest
filing a motion for new trial in order to provide a complete record when
complaints such as ineffective assistance of counsel are raised, criminal law,
unlike civil law, does not require the filing of a motion for new trial in
order to preserve a complaint for appellate review.[3]  I therefore disagree with the majority’s
statement that an appellant in a criminal case is required to file a motion for
new trial in order to preserve a complaint for appellate review.[4]  I also disagree that an appellant in a
criminal case has any ability to lodge an objection after a trial is concluded.

          In the case now before this court,
however, the trial court followed proper procedure.  As required by law,[5]
the trial court announced the sentence to be imposed and asked Appellant Jonathan
Laboriel-Guity a/k/a Jonathan Laborielguity if there was any lawful reason why
that sentence should not be imposed, and Appellant stated that there was
not.  Appellant accepted the
sentence.  This portion of a criminal
trial is often referred to as the allocution portion of the trial.  Allocution is the common law right of a
defendant in a criminal trial, including a trial for criminal contempt, to “present
his personal plea to the Court in mitigation of punishment before sentence is
imposed.”[6]  Although article 42.07 of the code of
criminal procedure prohibits imposition of sentence only on the grounds of
prior pardon, incompetence to stand trial, or mistaken identity, it still
grants a defendant the opportunity to speak and to lodge any objection to the
sentence before it is pronounced.[7]  In interpreting article 42.07 as permitting a
defendant’s common law right of allocution, we should look to the Texas Court
of Criminal Appeals’s instruction regarding the effect of a statute on common law
rights:

          It is
well-established that, ordinarily, a statute must be interpreted according to
its plain meaning, no more and no less. 
And, it is equally well-established that a statute must not be
interpreted as abrogating a principle of the common law unless such overruling
is clearly indicated, either by the express terms of the statute or by
necessary implication from the language used.  This second canon is based on the reasonable
supposition that if the Legislature intended to overrule a principle of the
common law, then it would have made its intent clear.[8]

In
his concurring opinion in Breazeale v. State,[9] Judge
Clinton discussed various procedural means available to contest an act or
finding in the trial court:

          The trial
court having found that each appellant waived his right to trial by jury, a
plethora of procedural means was readily available to contest that finding in
the forum of the trial court.  A motion
for new trial that the court “has committed [a] material error calculated to
injure the rights of defendant” is a solid ground under Article 40.03 and, if
supported by the showing appellant now alleges to be the case, granting a new
trial would have placed the cause in the same position as before any trial had
been held.  A motion in arrest of
judgment suggesting that “judgment has not been legally rendered against him”
would lie under Article 41.01 and related provisions of Chapter Forty One.  More informally, at allocution under 42.07,
an accused could make it known that he had not properly waived his right to
trial by jury pursuant to Article 1.13. 
Thereafter, a formal bill of exception to make the record disclose any
event or occurrence relevant to the issue of waiver was available under Article
40.09, § 6(a).  Even an objection to
the record in accordance with Article 40.09, § 7, would have it “speak the
truth” about any alleged failure to follow Article 1.13.[10]

          Glaringly absent is any absolute
requirement that a defendant object to an empty bench
or file a motion for new trial in order to preserve his complaint.

          For these reasons, I cannot join the
conscientious majority’s rationale but concur only in the result.

 

 

                                                                             LEE ANN DAUPHINOT

                                                                             JUSTICE

 

PUBLISH

DELIVERED:  January 13, 2011











[1]Indeed,
when the trial court sentenced Appellant, it stated the following based on the
evidence presented at punishment:

The offense that you have pled guilty to is a horrific
offense.  And you have basically
destroyed the trust that Ms. Franklin has in humanity.  She was doing a job.  She saw you. 
She, out of the goodness of her heart decided to give you a ride and you
took advantage of it.  And that is truly
unfortunate because I don’t think she is ever going to trust anybody else.  She has suffered tremendous emotional
distress from this.





[2]283
S.W.3d 473, 476–79 (Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and
dissenting).





[3]See Tex. R. App. P. 21.2 (“A motion for
new trial is a prerequisite to presenting a point of error on appeal only when
necessary to adduce facts not in the record.”).





[4]See
majority op. at 3–4.





[5]See Tex. Code of Crim. Proc. Ann. art. 42.07 (Vernon 2006).





[6]McClintick v. State, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh’g) (noting
that Green v. United States, 365 U.S.
301, 81 S. Ct. 653 (1961), provides some of the history of common law
allocution).





[7]Tex. Code Crim. Proc. Ann. art. 42.07.





[8]Enos v. State, 889 S.W.2d 303,
305 (Tex. Crim. App. 1994) (citations omitted).





[9]683
S.W.2d 446, 451 (Tex. Crim. App. 1984) (Clinton, J., concurring).





[10]Id. at 452–53 (citations omitted).