NUMBER 13-09-00360-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PAUL BURTON LEE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 377th District Court 

of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellant Paul Burton Lee challenges his conviction for sexual assault of a child. 
See Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2009). After pleading guilty,
Lee was sentenced to nineteen years' incarceration. By one issue, Lee argues that the trial
court erred in denying his motion for continuance for an insanity examination. We affirm.

I. Background

 Lee was indicted for sexual assault of a child and prohibited sexual conduct in
connection with alleged sexual abuse committed against his adolescent daughter, K.K.L. 
See id. §§ 22.011(a)(2)(A), 25.02(a)(1). During the course of the alleged abuse, K.K.L.
became pregnant and had a baby. It was later confirmed that Lee fathered the baby.

 At the bench trial, the State abandoned the prohibited sexual conduct count and
proceeded only on the charge of sexual assault of a child. After the trial court admonished
Lee regarding the consequences of his plea, Lee pleaded guilty to the offense. At this
point, before the trial court proceeded to punishment, Lee's counsel asked for a recess to
confer with Lee. When they returned, Lee's counsel orally moved for a continuance,
stating, 

 In my discussions with my client, I'm hearing some new things that I have not
heard before that, unfortunately, at this late hour, have raised a question
about my client's sanity at the time this offense was committed. And I would
ask to continue this, to have my client examined. I'm not trying to delay it;
however, based upon new things I heard this morning, new things from my
client, I have a real concern that my client be examined for sanity before we
continue further, your Honor. I'm not sure it's proper to enter a plea at this
time.

 

The State opposed the motion for continuance, asserting that defense counsel had ample
opportunity to discover sanity issues. The trial court then denied the motion for
continuance. (1)

 The trial court proceeded to hear evidence and argument on punishment. The trial
court then took the matter under advisement and, when the parties reconvened two days
later, sentenced Lee to nineteen years' incarceration in the Institutional Division of the
Texas Department of Criminal Justice. This appeal followed.

II. Discussion By one issue, Lee argues that the trial court erred in denying his motion for
continuance. Specifically, Lee argues that the trial court denied him his due process right
to have a competent psychiatrist evaluate him and assist in the preparation of his defense. 
See Ake v. Oklahoma, 470 U.S. 68, 83 (1985) (holding that "when a defendant
demonstrates to the trial judge that his sanity at the time of the offense is to be a significant
factor at trial, the State must, at a minimum, assure the defendant access to a competent
psychiatrist"). However, we do not reach Lee's due process argument because, as a
threshold matter, he failed to meet the procedural requirements for raising an insanity
defense.

 The penal code provides that insanity may be raised as a defense to a criminal
prosecution. Tex. Penal Code Ann. § 8.01 (Vernon 2003). However, the code of criminal
procedure requires that the defendant give notice of his intention to raise the defense at
least twenty days before the case is set for trial. Tex. Code Crim. Proc. Ann. art.
46C.051(a)-(b) (Vernon 2006). The trial court may, on a finding of good cause for failure
to serve timely notice, still allow evidence of insanity. Id. art. 46C.052 (Vernon 2006). We
review the court's determination of good cause for an abuse of discretion. See Wagner
v. State, 687 S.W.2d 303, 306 (Tex. Crim. App. 1984) ("The trial court has the discretion
to decide whether good cause is present for failure to file timely."); Shaffer v. State, 590
S.W.2d 490, 491 (Tex. Crim. App. 1979) (same); see also Shavers v. State, No.
10-02-00354-CR, 2004 WL 575386, at *1 (Tex. App.-Waco Mar. 17, 2004, no pet.) (mem.
op., not designated for publication). 

 Lee filed no notice of his intention to raise an insanity defense until the day of his
bench trial; he therefore failed to comply with the notice requirement under article 46C.051. 
See Tex. Code Crim. Proc. Ann. art. 46C.051(a)-(b). Neither did the trial court find that
Lee showed good cause for his failure to serve the requisite notice, which would have then
allowed the court to consider evidence of insanity. See id. art. 46C.052. Moreover, in our
own review of the record, we have found no evidence of good cause for Lee's failure to
timely serve his notice other than his counsel's bare assertions that he had not discovered
the potential insanity issue until the morning of the trial. See Newsome v. State, 235
S.W.3d 341, 343 (Tex. App.-Fort Worth 2007, no pet.) (refusing to allow an untimely notice
of insanity defense where the defendant produced no evidence of good cause). Because
no good cause was shown for Lee's failure to give timely notice of his intention to raise an
insanity defense, we conclude that the trial court acted within its discretion in refusing Lee's
motion for continuance. See Wagner, 687 S.W.2d at 306. Lee's sole issue is overruled. 

III. Conclusion

 The judgment of the trial court is affirmed.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 

8th day of July, 2010.
1. Lee asked the trial court if he could make an offer of proof, and the trial court stated that he could
do so later. Although Lee then re-urged his motion for continuance before the start of the punishment
evidence, he did not re-urge his request to make an offer of proof or obtain a ruling from the trial court on his
original request.