

## NUMBER 13-09-00360-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**PAUL BURTON LEE,**                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

### On appeal from the 377th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Paul Burton Lee challenges his conviction for sexual assault of a child.

*See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon Supp. 2009).  After pleading guilty,

Lee was sentenced to nineteen years' incarceration. By one issue, Lee argues that the trial

court erred in denying his motion for continuance for an insanity examination.  We affirm.

## I. Background

Lee was indicted for sexual assault of a child and prohibited sexual conduct in connection with alleged sexual abuse committed against his adolescent daughter, K.K.L. *See id.* §§ 22.011(a)(2)(A), 25.02(a)(1).  During the course of the alleged abuse, K.K.L. became pregnant and had a baby.  It was later confirmed that Lee fathered the baby.

At the bench trial, the State abandoned the prohibited sexual conduct count and proceeded only on the charge of sexual assault of a child.  After the trial court admonished Lee regarding the consequences of his plea, Lee pleaded guilty to the offense.  At this point, before the trial court proceeded to punishment, Lee's counsel asked for a recess to confer with Lee.  When they returned, Lee's counsel orally moved for a continuance, stating,

> In my discussions with my client, I'm hearing some new things that I have not heard before that, unfortunately, at this late hour, have raised a question about my client's sanity at the time this offense was committed.  And I would ask to continue this, to have my client examined.  I'm not trying to delay it; however, based upon new things I heard this morning, new things from my client, I have a real concern that my client be examined for sanity before we continue further, your Honor.  I'm not sure it's proper to enter a plea at this time.

The State opposed the motion for continuance, asserting that defense counsel had ample opportunity to discover sanity issues.  The trial court then denied the motion for continuance.[1]

The trial court proceeded to hear evidence and argument on punishment.  The trial court then took the matter under advisement and, when the parties reconvened two days

---

[1]Lee asked the trial court if he could make an offer of proof, and the trial court stated that he could do so later.  Although Lee then re-urged his motion for continuance before the start of the punishment evidence, he did not re-urge his request to make an offer of proof or obtain a ruling from the trial court on his original request.

2

later, sentenced Lee to nineteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. DISCUSSION

By one issue, Lee argues that the trial court erred in denying his motion for continuance. Specifically, Lee argues that the trial court denied him his due process right to have a competent psychiatrist evaluate him and assist in the preparation of his defense. *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (holding that "when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist"). However, we do not reach Lee's due process argument because, as a threshold matter, he failed to meet the procedural requirements for raising an insanity defense.

The penal code provides that insanity may be raised as a defense to a criminal prosecution. TEX. PENAL CODE ANN. § 8.01 (Vernon 2003). However, the code of criminal procedure requires that the defendant give notice of his intention to raise the defense at least twenty days before the case is set for trial. TEX. CODE CRIM. PROC. ANN. art. 46C.051(a)-(b) (Vernon 2006). The trial court may, on a finding of good cause for failure to serve timely notice, still allow evidence of insanity. *Id.* art. 46C.052 (Vernon 2006). We review the court's determination of good cause for an abuse of discretion. *See Wagner v. State*, 687 S.W.2d 303, 306 (Tex. Crim. App. 1984) ("The trial court has the discretion to decide whether good cause is present for failure to file timely."); *Shaffer v. State*, 590 S.W.2d 490, 491 (Tex. Crim. App. 1979) (same); *see also Shavers v. State*, No.

3

10-02-00354-CR, 2004 WL 575386, at *1 (Tex. App.–Waco Mar. 17, 2004, no pet.) (mem. op., not designated for publication).

Lee filed no notice of his intention to raise an insanity defense until the day of his bench trial; he therefore failed to comply with the notice requirement under article 46C.051. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.051(a)-(b). Neither did the trial court find that Lee showed good cause for his failure to serve the requisite notice, which would have then allowed the court to consider evidence of insanity. *See id.* art. 46C.052. Moreover, in our own review of the record, we have found no evidence of good cause for Lee's failure to timely serve his notice other than his counsel's bare assertions that he had not discovered the potential insanity issue until the morning of the trial. *See Newsome v. State*, 235 S.W.3d 341, 343 (Tex. App.–Fort Worth 2007, no pet.) (refusing to allow an untimely notice of insanity defense where the defendant produced no evidence of good cause). Because no good cause was shown for Lee's failure to give timely notice of his intention to raise an insanity defense, we conclude that the trial court acted within its discretion in refusing Lee's motion for continuance. *See Wagner*, 687 S.W.2d at 306. Lee's sole issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of July, 2010.

4